# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, ALAMOSA COUNTY, COLORADO<br>702 4th Street, Alamosa, Colorado 81101<br>Phone: (719) 589-4996 | |
| KARA M. LACEY,<br><br>Plaintiff.<br><br>v.<br><br>STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE<br>COMPANY, LTD., and VRE ALAMOSA, LLC.,<br><br>Defendants. | DATE FILED: February 11, 2019 11:06 AM<br>FILING ID: E21760B7B8C23<br>CASE NUMBER: 2019CV30012<br><br>▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Patrick J. Collins, #13046<br>Patrice B. Collins, #43894<br>COLLINS & COLLINS, LLC<br>700 Seventeenth Street, Suite 1820<br>Denver, Colorado 80202<br>Phone: 303.296.7700<br>Facsimile: 303.295.7160<br>Email: pcollins@lawcc.us | Case Number:<br><br>Division: |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Kara M. Lacey, by and through her attorneys, COLLINS & COLLINS, LLC, and for her Complaint against Defendants Starbucks Corporation d/b/a Starbucks Coffee Company, Ltd., ("Starbucks") and VRE Alamosa, LLC. ("VRE"), states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2.     Plaintiff is a natural person residing at 233 West Thompson Street, Philadelphia, Pennsylvania 19122.

3.     At all times relevant hereto, Defendant Starbucks is a corporation licensed to do business in the State of Colorado.

4.     At all times relevant hereto, Defendant VRE is a limited liability company licensed to do business in the State of Colorado.

5.     At all times relevant hereto, Defendant Starbucks was the owner and/or in possession of the business located at 1310 Main Street, Alamosa, Colorado 81101 ("The Property"), said business being that of a coffee house/restaurant, open to the general public, including the Plaintiff.

6.     At all times relevant hereto, Defendant VRE was the licensee and/or in possession of the business located at 1310 Main Street, Alamosa, Colorado, 81101 ("The Property"), said business being that of a restaurant/coffee house, open to the general public, including the Plaintiff.

7.     Venue is proper in Alamosa County because the acts complained of occurred in Alamosa County.

**FACTUAL ALLEGATIONS**

8.     On or about August 10, 2018, Plaintiff entered a Starbucks store located at 1310 Main Street, Alamosa, Colorado 81101.

9.     Plaintiff purchased a hot Americano coffee beverage and received the beverage with a lid placed on it by a Starbucks staff member.

10.     Plaintiff did not remove or adjust the lid after receiving the beverage and immediately walked toward the double-doors on the west side of the building.

11.     Plaintiff, carrying the beverage in her right hand, attempted to leave the premises using her left hand to push open the southern-most door of the double-doors on the west side of the building (hereinafter "the defective door"). The defective door stopped abruptly at an angle much less than the required 90 degrees.

2

12.     The abrupt stop of the defective door caused Plaintiff to hit her right hand and face on the glass and caused the hot beverage to spill over Plaintiff's chin, neck and chest.

13.     Plaintiff screamed and ran into the parking lot and then back into the Starbucks premises. Plaintiff entered the women's bathroom to splash water on her chin, neck and chest.

14.     Upon exiting the bathroom, Starbucks employee "Zach" admitted to Plaintiff that his manger was supposed to have placed a work order to fix the defective door sometime prior to her injury. Zach also informed Plaintiff that he would file an incident report documenting the accident.

15.     Plaintiff then went to the emergency room at San Luis Valley Health hospital to be treated for her injuries.

16.     On August 11, 2018, Plaintiff contacted Starbucks to check on the status of the incident report. A Starbucks employee represented it would contact Plaintiff within 48 hours. As of the date of the filing of this Complaint, Starbucks has never contacted Plaintiff.

17.     Despite knowing of Plaintiff's injuries, as of August 31, 2018, the defective door had never been fixed.

## FIRST CLAIM FOR RELIEF
### Premises Liability – Defendant Starbucks

18.     Plaintiff incorporates by reference all other paragraphs in this Complaint as if fully set forth herein.

19.     Upon information and belief, with regard to the property on which Plaintiff was injured, Defendant Starbucks is a landowner as defined by C.R.S. § 13-21-115.

20.     At the time of the injury-accident on August 10, 2018, Plaintiff was an invitee of The Property as defined by C.R.S. §13-21-115.

21.     Defendant Starbucks owed a statutory duty to Plaintiff to exercise reasonable care to protect Plaintiff from dangers on The Property of which it knew or should have known.

22.     Defendant Starbucks knew or should have known of the dangerous condition caused by its defective door and that the defective door created a hazardous and dangerous condition to its invitees and visitors.

23.     Defendant Starbucks breached its duty to exercise reasonable care to protect Plaintiff from dangers on The Property of which it knew or should have known by failing to ensure that its door was properly functioning in accordance with code and by failing to warn its invitees and visitors of the hazardous condition of its defective door.

## SECOND CLAIM FOR RELIEF
### Premises Liability – Defendant VRE

24.     Upon information and belief, with regard to the property on which Plaintiff was injured, Defendant VRE is a landowner as defined by C.R.S. § 13-21-115.

25.     At the time of the injury-accident on August 10, 2018 Plaintiff was an invitee of The Property as defined by C.R.S. § 13-21-115.

26.     Defendant VRE owed a statutory duty to Plaintiff to exercise reasonable care to protect Plaintiff from dangers on The Property of which it knew or should have known.

27.     Defendant VRE knew or should have known of the dangerous condition caused by its defective door and that the defective door created a hazardous and dangerous condition to its invitees and visitors.

28.     Defendant VRE breached its duty to exercise reasonable care to protect Plaintiff from dangers on The Property of which it knew or should have known by failing to ensure that its door was properly functioning in accordance with code and by failing to warn its invitees and visitors of the hazardous condition of its defective door.

29.     Defendant VRE's failure to exercise reasonable care to protect Plaintiff from dangers of which it knew or should have known was unreasonable.

30.     The unreasonable actions, inactions and failures of Defendant VRE were a direct and proximate cause of Plaintiff's past and future injuries, damages and losses, all as described herein, the amounts of which will be proved at trial.

### THIRD CLAIM FOR RELIEF
#### Negligence of Starbucks

31.     Plaintiff restates paragraphs 1 – 30 and further states as follows:

32.     This claim for relief is being alleged in the alternative pursuant to C.R.C.P. 8(e)(2).

33.     On August 11, 2018 Plaintiff was an invited guest at the coffee house/restaurant, lawfully upon the premises of Starbucks, who owed Plaintiff a duty to exercise reasonable care for her safety.

34.     At said time and place, Starbucks breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a)     Negligently failing to correct or adequately correct the unreasonably dangerous condition of the defective door;

5

b)      Negligently failing to inspect or adequately inspect the condition of the defective door to ascertain whether the door constituted a hazard to its customers, including Plaintiff, thus creating an unreasonably dangerous condition to Plaintiff;

c)      Negligently failing to warn or adequately warn Plaintiff of the danger of the defective door when Starbucks knew or through the exercise of reasonable care should have known that the door was unreasonably dangerous and that Plaintiff was unaware of same; and

d)      Negligently failing to correct or adequately correct the unreasonably dangerous condition of the defective door when the condition was either known to Starbucks or had existed for a sufficient length of time that Starbucks should have known of it had Starbucks exercised reasonable care.

35.      As a result, while Plaintiff was visiting Starbucks, she purchased a hot Americano, attempted to exit the store through the west double-doors and the defective door caused Plaintiff to spill the hot Americano on her chin, neck and chest, causing serious burn injuries.

36.      As a direct and proximate result of the negligence of Starbucks, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disbursement, permanent scarring, mental anguish, loss of the capacity for the enjoyment of life, and the expense of medical care.

## FOURTH CLAIM FOR RELIEF
### Negligence of VRE

37.      Plaintiff restates paragraphs 1-36 and further states as follows:

38.      This claim for relief is being alleged in the alternative pursuant to C.R.C.P. 8(e)(2).

39.     At said time and place, Plaintiff was an invited guest at the coffee house/restaurant, lawfully upon the premises of lessee VRE, who owed Plaintiff a duty to exercise reasonable care for her safety.

40.     At said time and place, VRE breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

    a)     Negligently failing to correct or adequately correct the unreasonably dangerous condition of the defective door;

    b)     Negligently failing to inspect or adequately inspect the condition of the defective door to ascertain whether the door constituted a hazard to customers, including the Plaintiff, thus creating an unreasonably dangerous condition to Plaintiff;

    c)     Negligently failing to warn or adequately warn Plaintiff of the danger of the defective door when VRE knew or through the exercise of reasonable care should have known that the door was unreasonably dangerous and that Plaintiff was unaware of same; and

    d)     Negligently failing to correct or adequately correct the unreasonably dangerous condition of the defective door when the condition was either known to VRE or had existed for a sufficient length of time that Starbucks should have known of it had Starbucks exercised reasonable care.

41.     As a result, while Plaintiff was visiting Starbucks, she purchased a hot Americano, attempted to exit the store through the west double-doors and the defective door caused Plaintiff to spill the hot Americano on her chin, neck and chest, causing serious burn injuries.

42.     As a direct and proximate result of the negligence of VRE, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disbursement, permanent scarring, mental anguish, loss of the capacity for the enjoyment of life, and the expense of medical care.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants and each of them for relief as follows:

Economic damages, including, but not limited to, past and future medical and rehabilitation expenses, lost wages, and out of pocket expenses;

Non-economic damages, including, but not limited to, past and future pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, anxiety and emotional distress;

Damages for permanent impairment;

All other compensatory damages caused by the Defendants' actions, to be proven at trial;

Pre-judgment and post-judgment interest as provided for by law;

Attorney fees, costs, and expenses of this action as provided for by law; and

For such other and further relief as the Court deems just, reasonable and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 11th day of February, 2019.

Respectfully submitted,

 /s/ Patrick J. Collins
Patrick J. Collins
Patrice B. Collins

ATTORNEYS FOR PLAINTIFFS

8