IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00711-CMA-KMT

KARA M. LACEY,

    Plaintiff,

v.

STARBUCKS CORPORATION, *d/b/a* Starbucks Coffee Company, Ltd., and
VRE ALAMOSA, LLC,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**
---

This matter is before the Court on Plaintiff Kara M. Lacey's Motion to Remand to State Court and for an Award of Attorney's Fees and Costs (the "Motion to Remand"). (Doc. # 13.) Plaintiff argues that this litigation should be remanded to state court because Defendants Starbucks Corporation, *d/b/a* Starbucks Coffee Company, Ltd. ("Starbucks"), and VRE Alamosa, LLC ("VRE") (together, "Defendants") fail to establish the amount in controversy required for the Court to have diversity jurisdiction under 28 U.S.C. § 1332. For the following reasons, the Court denies Plaintiff's Motion to Remand.

    **I.**    **BACKGROUND**

This matter arises out of injuries Plaintiff sustained at a Starbucks coffee shop in Alamosa, Colorado, on August 10, 2018. (Doc. # 3 at 2.) Plaintiff alleges that she was

carrying the hot beverage she had just purchased out of the store but the store's door malfunctioned and stopped abruptly, causing the hot beverage to spill on her chin, neck, and chest. (*Id.* at 2–3.)

Plaintiff sent Defendants a demand letter, requesting payment in the amount of $100,000 for injuries, on November 14, 2018. (Doc. # 13 at 2.) Plaintiff and Defendants engaged in settlement negotiations in the following three months. During those negotiations, Plaintiff offered to settle for four different amounts: $100,000; $95,000; $93,500; and $65,000. (Doc. # 16 at 2.) Defendants rejected each of these offers and made a final and best offer of $12,000 on January 17, 2019. (*Id.*) On January 28, 2019, Plaintiff rejected Defendants' final offer and demanded $65,000. (Doc. # 13 at 2.) Defendants replied the following day that it "remain[ed] [their] position the current [$65,000] demand is excessive and we are unable to resolve this matter short of litigation given how far apart [they] are." (Doc. # 13-3.)

Plaintiff initiated this action against Defendants in the Colorado District Court for Alamosa County on February 11, 2019. (Doc. # 3.) She asserts four claims for relief: (1) premises liability against Defendant Starbucks; (2) premises liability against Defendant VRE; (3) negligence against Defendant Starbucks; and (4) negligence against Defendant VRE. (*Id.* at 3–8.)

Defendants removed this action to this Court on March 8, 2011. (Doc. # 1.) Defendants asserted in their Notice of Removal that the Court "has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are completely diverse, the amount in controversy exceeds $75,000, and venue is proper in this Court." (*Id.* at 3.) Elsewhere

in the Notice of Removal, Defendants stated that "Plaintiff has asserted that she is entitled to at least $100,000 for her alleged injuries." (*Id.*)

United States Magistrate Judge Kathleen M. Tafoya ordered Defendants to show cause by March 21, 2019, "as to why the Court should not remand this case to the Alamosa County District Court for lack of diversity jurisdiction over this matter." (Doc. # 8.) Magistrate Judge Tafoya expressed concern that "Plaintiff's Complaint lacks factual allegations that plausibly allege that the amount in controversy exceeds $75,000." (*Id.*) Defendants responded to the Order to Show Cause on March 20, 2019, arguing that based on Plaintiff's November 14, 2018 demand letter, "the amount in controversy is at least $100,000." (Doc. # 9 at 2.)

Plaintiff filed the Motion to Remand presently before the Court on the same day that Defendants responded to the show cause order. (Doc. # 13.) She argues that "Defendants have failed to provide a plausible allegation that the amount in controversy exceeds the jurisdictional threshold at the time of removal—and has actually misrepresented the same—by cherry-picking a long abandoned settlement position to offer spurious 'evidence' that the amount in controversy exceeds $75,000." (*Id.* at 5.) Plaintiff asks the Court to remand the action "back to the District Court of Alamosa County and award to Plaintiff her reasonable attorney fees and costs incurred in bringing [the Motion to Remand]." (*Id.*) Defendants filed their Response on March 21, 2019 (Doc. # 16), to which Plaintiff replied on April 4, 2019 (Doc. # 20).

## II. APPLICABLE LEGAL PRINCIPLES

A defendant may remove a state civil action to federal court if the federal district court has subject matter jurisdiction. 28 U.S.C. § 1441. A federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The burden of proving that removal is proper falls on the party asserting diversity jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Removal statutes are construed strictly and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

To successfully remove a case to federal court, "[a] defendant must affirmatively establish jurisdiction by proving jurisdictional facts that made it possible that $75,000 was in play." *McPhail v. Deere & Co.*, 529 F. 3d 947, 955 (10th Cir. 2008). Further, the preponderance of the evidence standard applies to jurisdictional facts, not jurisdiction itself. *Id*. A defendant may rely on any estimates of alleged damages from a plaintiff's complaint to prove jurisdictional facts. *Id*. When the allegations in the complaint are not dispositive, the allegations in the notice of removal are considered. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "Other paper" can also be the basis of determining the amount in controversy, 28 U.S.C. § 1446(b)(3), including any documents that demonstrate the plaintiff's estimation of the value of its claim, *McPhail*, 539 F.3d at 956. The Tenth Circuit and most other courts "have consistently interpreted the term **other paper** broadly to include state-court filings and discovery." *Paros Prop.*

*LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1268 (10th Cir. 2016) (emphasis added). Relevant here, the Tenth Circuit has also explicitly held that "it is permissible for a district court to **consider settlement offers** when deciding the jurisdictional question." *McPhail*, 539 F.3d at 956 (emphasis added).

### III.    ANALYSIS

The Court has subject matter jurisdiction over this matter because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The parties do not dispute diversity of citizenship; rather, they contest whether Defendants have "affirmatively establish[ed] jurisdiction by proving jurisdictional facts that made it possible that $75,000 was in play." *See McPhail*, 529 F. 3d at 955.

The Court concludes Defendants have satisfactorily proven by a preponderance of the evidence jurisdictional facts that establish the amount in controversy is at least $75,000. Plaintiff's Complaint does not plead a specific amount of damages pursuant to Colorado Rule of Civil Procedure 8(a), *see* (Doc. # 3), so the Court looks to allegations in Defendants' Notice of Removal and "other papers." *See Laughlin*, 50 F.3d at 873; 28 U.S.C. § 1446(b)(3). In their Notice of Removal, Defendants allege that "Plaintiff has asserted that she is entitled to at least $100,000 for her alleged injuries," citing Plaintiff's November 14, 2018 demand letter. (Doc. # 1 at 3.) The Court is permitted to consider settlement offers such as Plaintiff's when deciding the jurisdictional question, and it thus considers Plaintiff's demand for $100,000, as well as her subsequent offers to settle for $95,000 or $93,500, *see* (Doc. ## 16-1, 16-2), as relevant evidence of the amount in

5

controversy. *See McPhail*, 529 F. 3d at 956. On the basis of this evidence and for the reasons in Defendants' Response (Doc. # 16), the Court is satisfied that Defendants have proven jurisdictional facts that establish the amount in controversy is greater than $75,000. The Court therefore denies Plaintiff's request to remand this matter to state court. It also denies Plaintiff's request for attorneys' fees and costs.

## IV. <u>CONCLUSION</u>

For the reasons stated above, it is ORDERED that Plaintiff's Motion to Remand (Doc. # 13) is DENIED.

DATED: April 11, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge